UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
JTH TAX LLC d/b/a LIBERTY TAX
SERVICE f/k/a JTH TAX, INC.,

                       Plaintiff,

    -against-

EDWARD KUKLA, KARLY JEANTY,
HARLINE JEANTY, and EXPERT TAX
CONSULTANTS LLC,

                  Defendants.
--------------------------------X

ORDER
22-CV-1542(JS)(JMW)

APPEARANCES
For Plaintiff:     JoAnna Marie Doherty, Esq.
                 Peter G. Siachos, Esq.
                 James L. Messenger, Esq.
                 Gordon Rees Scully Mansukhani, LLP
                 One Battery Park Plaza, 28th Floor
                 New York, New York 10004

For Defendants:    Vano I. Haroutunian, Esq.
                 Edward Michael Tobin, Esq.
                 Ballon Stoll Bader & Nadler, P.C.
                 1450 Broadway
                 New York, New York 10018

SEYBERT, District Judge:

      Presently before the Court are two fee applications of Plaintiff JTH Tax LLC d/b/a Liberty Tax Service f/k/a JTH Tax, Inc. ("Liberty" or "Plaintiff"). The first is Liberty's so-called "Contempt Fee Application" (see ECF No. 73), and the second is its so-called "TRO Fee Application" (see ECF No. 78) (collectively, the "Fee Applications"), which were filed after the Court issued

1

orders holding (1) Defendants Edward Kukla, Karly Jeanty, Harline Jeanty, and Expert Tax Consultants LLC ("Defendants") in contempt of the Court's May 24, 2022 preliminary injunction order (see the "Contempt Order" ECF No. 63), and (2) denying Defendants' Motion for Preliminary Injunction and Temporary Restraining Order (see the "TRO Order" ECF No. 75), and entitled Plaintiff to recover attorney's fees incurred in connection with the issuance of said orders. For the following reasons, the Fee Applications are GRANTED in part, to the extent the Court awards Plaintiff $39,246.85 in attorney's fees.

BACKGROUND

The Court presumes the parties are familiar with the facts of the case. For the reader's convenience, it provides the following summary: After the Court granted Plaintiff's preliminary injunction motion on May 24, 2022 (the "Preliminary Injunction Order" ECF No. 29), Plaintiff subsequently moved for default judgment and permanent injunction (see ECF No. 31); it also moved to hold Defendants in contempt for their violations of the Preliminary Injunction Order (the "Contempt Motion" ECF No. 48). On December 15, 2022, the Court granted Plaintiff's motions (see Contempt Order and the "Permanent Injunction Order" ECF No. 64; collectively the "Underlying Orders"). The Contempt Order held

2

"that Defendants, jointly and severally, shall be liable for the attorneys' fees and litigation costs Liberty incurred in connection with the contempt motion." (Contempt Order at 2.) On January 13, 2023, Liberty filed its Contempt Fee Application, seeking (1) $47,047.93 in attorney's fees and (2) $3,930.99 in purported costs, most of which are comprised of private investigator's fees. (Contempt Fee Application at 3-4).

After the Court issued the Underlying Orders, Defendants moved for a "a temporary restraining order and preliminary injunction preventing Plaintiff from enforcing" said Orders (the "TRO Motion") (ECF No. 68 at 9.) On January 25, 2023, the Court denied the TRO Motion, observing it served as "indicia of Defendants' continued litigation of this action in bad faith."[1] (TRO Order at 6.) The Court's denial order permitted Plaintiff to seek reimbursement for the attorney's fees and costs incurred in responding to the TRO Motion, which Plaintiff subsequently sought in its March 9, 2023 TRO Fee Application. The TRO Fee Application

---

[1] The Court further observed the TRO Motion was virtually identical to Defendants' June 27, 2022 Motion for Temporary Restraining Order, which Defendants withdrew following a status conference with Magistrate Judge James M. Wicks. (ECF No. 46.) That prior motion sought to block enforcement of the Court's Preliminary Injunction Order.

seeks $6,559.87 in attorney's fees. (the "TRO Fee Application Motion," ECF No. 78-2 at 5.)

The Fee Applications are accompanied by invoices from Plaintiff's counsel, Gordon Rees Scully Mansukhani, LLP ("Gordon Rees"), which show Gordon Rees charged $208.25 per hour for a junior associate and $263.50 to $335.75 per hour for partners. (the "Contempt Bill," Ex. A, ECF No. 73-1, attached to the "Siachos Contempt Declaration," Decl. of Peter G. Siachos; the "TRO Bill," Ex. A, ECF No. 78-3, attached to the "Siachos TRO Declaration," Decl. of Peter G. Siachos.) Plaintiff cites several Eastern District cases to support its contention that courts have approved such rates. (See, e.g., Contempt Fee Application at 7 (citing PNC Equip. Fin., LLC v. Montauk Transp. Serv. Inc., No. 18-CV-5883, 2019 WL 8685091, at *4 (E.D.N.Y. Dec. 16, 2019), report and recommendation adopted, No. 18-CV-5883, 2020 WL 2219197 (E.D.N.Y. May 7, 2020))).

Defendants' separate oppositions to the Fee Applications are mostly verbatim and levy threadbare arguments that Gordon Rees's rates "resulted directly from unnecessary and duplicative work performed by Plaintiff" and "are not reasonable as a matter of law." ("Contempt Fee Opposition" and "TRO Fee Opposition" collectively, the "Oppositions") (see ECF No. 76 at 1, 3; ECF No.

4

80 at 1, 4.) The Oppositions cite sparsely to case law and do not identify any specific entries Defendants deem unnecessary or duplicative.

DISCUSSION

I.    Applicable Law re: Attorney's Fees and Costs

"District courts have broad discretion to determine the amount of attorneys' fees awarded, and the party requesting fees must submit documentation to support its request." Perry v. High Level Dev. Contracting & Sec. LLC, No. 12-CV-2180, 2022 WL 1018791, at *14 (E.D.N.Y. Mar. 16, 2022), report and recommendation adopted, 2022 WL 1017753 (E.D.N.Y. Apr. 5, 2022). "In calculating attorney's fees, the district court must first determine the 'lodestar-the product of a reasonable hourly rate and the reasonable number of hours required by the case-[which] creates a presumptively reasonable fee.'" Stanczyk v. City of N.Y., 752 F.3d 273, 284 (2d Cir. 2014) (brackets in original) (quoting Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The most useful starting point for determining the amount of a reasonable [attorney's] fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."); McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund,

5

450 F.3d 91, 97 (2d Cir. 2006) ("In calculating attorney's fee awards, district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate."); <u>Division 1181 Amalgamated Transit Union-N.Y. Employees Pension Fund and Its Trustees v. D & B Bus Co., Inc.</u>, 270 F. Supp.3d 593, 617-20 (Part IV(E) re: fees), 628 (Part IV(F) re: costs) (E.D.N.Y. 2017). The burden is on the fee applicant to submit evidence to support the number of hours expended and the rates claimed. See <u>Hensley</u>, 461 U.S. at 437; see also <u>Cleanup N. Brooklyn by Chantrtanapichate v. Brooklyn Transfer LLC</u>, 373 F. Supp.3d 398, 403 (E.D.N.Y. 2019) ("The fee applicant bears the burden of adequately documenting and justifying the hours worked, rates sought, and costs expended." (citing <u>Monette v. County of Nassau</u>, No. 11-CV-0539, 2016 WL 4145798, at *3, *10 (E.D.N.Y. Aug. 4, 2015); <u>Pennacchio v. Powers</u>, No. 05-CV-0985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011))); <u>Hugee v. Kimso Apartments, LLC</u>, 852 F. Supp.2d 281, 298 (E.D.N.Y. 2012) ("The burden is on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed." (citing <u>Hensley</u>, 461 U.S. at 433)). Where time entries are vague, duplicative, or otherwise inadequate, a court may make an across-the-board reduction in the amount of hours awarded. <u>Monge v. Glen Cove Mansion Hosp., LLC</u>, No. 18-CV-7229, 2020 WL 1666460, at *8 (E.D.N.Y. Apr. 2, 2020); see also <u>Scharff</u>

v. County of Nassau, No. 10-CV-4208, 2016 WL 3166848, at *7–8
(E.D.N.Y. May 20, 2016), report and recommendation adopted sub
nom., Scharff v.County of Nassau & Shila Shah-Gavnoudias, No.
10-CV-4208, 2016 WL 3172798 (E.D.N.Y. June 6, 2016) (stating courts
may apply an across-the-board percentage reduction in hours
"rather than engage in an entry by entry critique of the time
billed").

II.  Application

  A.  Attorney's Fees

    1.  Reasonable Hourly Rate

"In setting a reasonable hourly rate, the Second Circuit has
stated that the 'district court should consider, among others, the
Johnson factors; it should also bear in mind that a reasonable,
paying client wishes to spend the minimum necessary to litigate
the case effectively.'" Valvo v. City of N.Y., No. 13-CV-6562,
2018 WL 3999011, at *2 (E.D.N.Y. Jan. 23, 2018)[2] (quoting Arbor

---

[2] The Valvo Court noted the Johnson factors, to wit:

  (1) the time and labor required; (2) the novelty and difficulty
  of the questions; (3) the level of skill required to perform the
  legal service properly; (4) the preclusion of employment by the
  attorney due to acceptance of the case; (5) the customary fee for
  similar work in the community; (6) whether the fee is fixed or
  contingent; (7) time limitations imposed by the client or the
  circumstances; (8) the amount involved and the results obtained;
  (9) the experience, reputation, and ability of the attorneys;
  (10) the "undesirability" of the case; (11) the nature and length

Hill Concerned Citizens Neighborhood Ass'n v. County of Albany and Albany County Bd. of Election, 522 F.3d 182, 190 (2d Cir. 2008)); see also Lilly v. City of N.Y., 934 F.3d 222, 229-30 (2d Cir. 2019) (explaining a district court's determination of a reasonable hourly rate "tak[es] account of all case-specific variables" and is set "by considering all pertinent factors, including the Johnson factors" (internal quotation marks and citation omitted)). "This Court follows the Second Circuit's 'forum rule,' which 'generally requires use of the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" Trustees of NE Carpenters Health Pension, Annuity, Apprenticeship, and Labor Mgmt. Coop. Funds v. Cali Enters., Inc., No. 18-CV-3556, 2019 WL 2076784, at *5 (E.D.N.Y. May 10, 2019) (quoting Bergerson v. N.Y.S. Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011) (further citation omitted); see also Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 59 (2d Cir. 2012) (a reasonable hourly rate

---

of the professional relationship with the client; and (12) awards in similar cases.

Id. at *2, n.3 (citing Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717-18 (5th Cir. 1974)); see also, e.g., J.S. ex rel. Z.S. v. Carmel Cent. Sch. Dist., 501 F. App'x 95, 99 (2d Cir. 2012) (finding no abuse of discretion in a district court's "conclusion that the complexity and novelty of the case would be reflected in the number of billable hours rather than in a lodestar adjustment").

8

should be determined through a "'case-specific inquiry into the prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel,' an inquiry that may 'include judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district'" (quoting Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005))). "[T]he prevailing rates for attorneys in the E.D.N.Y. . . . are approximately $300-$450 per hour for partners, $200-$300 per hour for senior associates, and $100-$200 per hour for junior associates." Cleanup N. Brooklyn, 373 F. Supp.3d at 404 (citing Valvo, 2018 WL 3999011, at *2; Pocius v. Sec. Auto Sales Inc., No. 16-CV-0400, 2018 WL 3999649, at *4 (E.D.N.Y. July 6, 2018), report & recommendation adopted, 2018 WL 3998965 (E.D.N.Y. Aug. 20, 2018)); see also PNC Equip. Fin., LLC, 2019 WL 8685091, at *4 (same).

Gordon Rees's hourly rates—$208.25 per hour for an associate and $263.50 to $335.75 per hour for partners—sit firmly within what Eastern District courts have found to be reasonable. (Contempt Fee Application at 6; TRO Fee Application Motion at 5.) The attorneys' experience and subject matter expertise further supports a finding of reasonableness: each of the four billing partners has at least nine years' experience practicing law,

including on franchise-related disputes. (Siachos Contempt Declaration at 4-5; "Gordon Rees Biographies," Ex. B, attached to Siachos Contempt Declaration.) Moreover, Gordon Rees's 15% discount demonstrates sound billing judgment and mindfulness "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively.'" Valvo, 2018 WL 3999011, at *2 (quoting Arbor Hill, 522 F.3d at 190).

The Oppositions do not distinguish the cases stating that $300 to $450 per hour are reasonable rates for partners in the Eastern District. (Contempt Fee Opposition at 3-4; TRO Fee Opposition at 4.) Instead, Defendants generally state that Gordon Rees's rates "are not reasonable as a matter of law" and cite to two cases involving third-party discovery costs to support this assertion. (Id. (citing Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Or., Inc., No. 09-CV-3855, 2018 WL 1701944 at *7 (E.D.N.Y. Mar. 31, 2018); Nike, Inc. v. Wu, No. 13-CV-8012, 2020 WL 257475 at *14 (S.D.N.Y. Jan. 17, 2020), aff'd sub nom., Next Invs., LLC v. Bank of China, 12 F.4th 119 (2d Cir. 2021))). Defendants offer no rationale explaining how third-party discovery cases are applicable, and this Court finds none. Moreover, Sands Harbor Marina actually undercuts Defendants' argument, as it found $350 per hour to be a reasonable partner rate. Sands Harbor Marina

10

_Corp._, 2018 WL 1701944, at *7. The Court accordingly finds Gordon Rees's hourly rates (inclusive of the 15% discount) to be reasonable.

### 2.    Reasonable Hours

"The party seeking attorney's fees also bears the burden of establishing that the number of hours for which compensation is sought is reasonable." _Custodio v. Am. Chain Link & Constr., Inc._, No. 06-CV-7148, 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing _Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers_, 34 F.3d 1148, 1160 (2d Cir. 1994)). Courts examine time records to exclude what appear to be excessive or unnecessary hours "with a view to the value of the work product of the specific expenditures to the client's case." _Martinez v. New 168 Supermarket LLC_, No. 19-CV-4526, 2020 WL 5260579, at *9 (E.D.N.Y. Aug. 19, 2020) (quoting _Luciano v. Olsten Corp._, 109 F.3d 111, 116 (2d Cir. 1997), _report and recommendation adopted_, 2020 WL 5259056 (Sept. 30, 2020). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded, and in dealing with such surplusage, the court has discretion simply to deduct a reasonable percentage of the number of hours claimed 'as a practical means of trimming fat from a fee application.'" _Kirsch v. Fleet St., Ltd._, 148 F.3d 149, 173 (2d Cir. 1998) (quoting _Hensley_, 461 U.S. at

434; then quoting N.Y. Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)); see also Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994) ("We do not require that the court set forth item-by-item findings concerning what may be countless objections to individual billing items.") Indeed, "in reviewing a fee application, 'trial courts need not, and . . . should not, become green-eyeshade accountants,' and 'may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time.'" Cleanup N. Brooklyn, 373 F. Supp.3d at 407 (quoting Fox v. Vice, 563 U.S. 826, 838 (2011)) (emphasis added). "[G]eneral partner-heavy staffing of [a] case" can "warran[t] a reduction in the hours awarded." Resnik v. Coulson, No. 17-CV-0676, 2020 WL 5802362, at *9 (E.D.N.Y. Sept. 28, 2020). Courts have the discretion to address recurring inadequacies in a plaintiff's time entries or motion with an across-the-board reduction in hours awarded, "rather than engage in an entry by entry critique of the time billed." Scharff, 2016 WL 3166848, at *7.

Gordon Rees purports to have billed 175.3 total hours in connection with the Contempt Motion litigation (Contempt Fee Application at 4) and 23.3 hours in connection with the TRO Motion litigation (TRO Fee Application Motion at 5). Defendants argue—

without identifying any objectionable tasks or billed entries—that "the costs and fees expended by Plaintiff resulted directly from unnecessary and duplicative work." (Contempt Fee Opposition at 1; TRO Fee Opposition at 1.)

While refraining from a fulsome audit more suited for a "green-eyeshade accountant," Cleanup N. Brooklyn, 373 F. Supp.3d at 407 (quoting Fox, 563 U.S. at 838), the Court's review of the bills finds that most of Gordon Rees's entries document reasonable hours to relevant tasks. For example, smaller tasks (such as correspondence with opposing counsel and Plaintiff) are completed in less than one hour of time; more substantive tasks (such as drafting and hearing preparation) generally take up no more than a few hours. Most entries document tasks that are directly related to the Contempt Motion and Second TRO Motion litigation; however, some "block billing" entries associated with the Contempt Fee Application include work for the default judgment motion, for which Plaintiff is not entitled to attorney's fees. (Contempt Bill) Further, other entries are ambiguous as to whether work was billed for the Contempt Motion litigation alone. While this is understandable given the Court simultaneously heard and decided both motions, the Court declines to award attorney's fees for the

13

default judgment motion. Accordingly, the Court deducts 50% of the hours sought from these entries, as follows.

| Name | Date | Task | Hrs. | Rate | Total Req. | 50% Reduc. |
|------|------|------|------|------|-----------|-----------|
| James L. Messenger | 6/21/22 | Revise contempt papers and reply to default | 1.4 | $263.50 | $368.90 | $184.45 |
| Brian J. Wall | 6/22/22 | Correspondence with client regarding Contempt Motion and Default Reply | 0.2 | $263.50 | $52.70 | $26.35 |
| James L. Messenger | 6/23/22 | Review contempt and default papers | 1.6 | $263.50 | $421.60 | $210.80 |
| James L. Messenger | 6/24/22 | File reply to opposition to motion for default and negotiations on contempt | 2.5 | $263.50 | $658.75 | $329.38 |
| Brian J. Wall | 8/11/22 | Draft and revise letter to the Court regarding hearing on Motion for Default Judgment and Motion for Contempt | 0.9 | $263.50 | $237.15 | $118.58 |
| Brian J. Wall | 9/22/22 | Correspondence with client regarding Motion for Default Judgment and Motion for Contempt | 0.5 | $263.50 | $131.75 | $65.88 |

| Name | Date | Task | Hrs. | Rate | Total Req. | 50% Reduc. |
|---|---|---|---|---|---|---|
| Brian J. Wall | 9/27/22 | Calls with the Court regarding Motion for Default Judgment and Motion for Contempt | 0.3 | $263.50 | $79.05 | $39.53 |
| Brian J. Wall | 10/27/22 | Draft and revise letter to the Court requesting conference on pending Motions | 0.9 | $263.50 | $237.15 | $118.58 |
| Brian J. Wall | 11/10/22 | Draft report to client regarding case status | 0.4 | $263.50 | $105.40 | $52.70 |
| James L. Messenger | 12/5/22 | Prep for hearing on default and contempt | 3.4 | $263.50 | $895.90 | $447.95 |
| Brian J. Wall | 12/5/22 | Review and analyze Court Orders regarding hearings on Motions for Default and Contempt | 0.3 | $263.50 | $79.05 | $39.53 |
| James L. Messenger | 12/6/22 | Prepare for hearing | 1.5 | $263.50 | $395.25 | $197.63 |
| James L. Messenger | 12/7/22 | Prepare witness outlines, binders, and prepare for hearing | 3.1 | $263.50 | $816.85 | $408.43 |
| James L. Messenger | 12/8/22 | Prepare witness outlines, opening and closing | 3.1 | $263.50 | $816.85 | $408.43 |

| Name | Date | Task | Hrs. | Rate | Total Req. | 50% Reduc. |
|------|------|------|------|------|-----------|------------|
| James L. Messenger | 12/9/22 | Prepare for default hearing and prepare Roman Khaykin | 3.2 | $263.50 | $843.20 | $421.60 |
| James L. Messenger | 12/10/22 | Review fees, statutory authority to collect fees and revise outlines | 2.7 | $263.50 | $711.45 | $355.73 |
| James L. Messenger | 12/11/22 | Final prep for hearing (revise outlines, put binders together, etc) | 3.6 | $263.50 | $948.60 | $474.30 |
| James L. Messenger | 12/12/22 | Prepare for hearing | 2.0 | $263.50 | $527.00 | $263.50 |
| James L. Messenger | 12/13/22 | Attend hearing on Motion for Contempt and Motion for Default; Travel home from hearing | 6.0 | $263.50 | $1,581.00 | $790.50 |
| Peter G. Siachos | 12/13/22 | Prepare for hearing on contempt, disgorgement, sanctions, etc. (3.8); travel to Central Islip for hearing (2.1); attend hearing (2.5); travel from Central Islip (2.5)[3] | 10.9 | $390.00 | $4,251.00 | $2,125.50 |

---

[3] In addition to reducing by half the time attorney Siachos billed for legal work in this entry, the Court reduces in half the time billed for travel. See, e.g., Monge, 2020 WL 1666460, at *8 (reducing in half attorney's billed travel time) (citing Hugee, 852 F. Supp. 2d at 302 (collecting cases)).

| Name | Date | Task | Hrs. | Rate | Total Req. | 50% Reduc. |
|------|------|------|------|------|-----------|-----------|
| James L. Messenger | 12/14/22 | Review and revise proposed orders | 0.4 | $263.50 | $105.40 | $52.70 |
| Brian J. Wall | 12/14/22 | Correspondence with client regarding draft proposed orders | 0.2 | $263.50 | $52.70 | $26.35 |
| James L. Messenger | 12/15/22 | Review court orders and issue notices required, client email | 1.7 | $263.50 | $447.95 | $223.98 |
| James L. Messenger | 12/16/22 | Review orders and prepare certificates of service | 0.4 | $263.50 | $105.40 | $52.70 |
| | | | | | **Total Amount Deducted: $7,435.03** | |

Following the $7,435.03 deduction, two additional factors warrant a further 15% across-the-board deduction in the net amount claimed. First, "partner-heavy staffing" is a factor courts have held "warrants a reduction in the hours awarded." Resnik, 2020 WL 5802362, at *9. With the exception of a single half-hour entry from a junior associate (Contempt Bill at P. 13), all work for both motions was completed by partners.[4] Second, Plaintiff's

---

[4] Some of the relevant tasks could have been completed with associate assistance including the initial legal research and drafting for the Contempt and TRO Motions, as well as preparation of Contempt hearing materials. (Siachos Contempt Declaration; Siachos TRO Declaration.) The preparation of exhibits for the Contempt hearing seems better suited for a junior associate or even a paralegal. (See Contempt Bill at 46, 49, 53); Rudler v. Houslanger & Assocs., PLLC, No. 18-CV-7068, 2020 WL 473619, at *9

17

failure to itemize how many cumulative hours each respective attorney billed stymied the Court's "reasonable hours" analysis. Courts often assess reasonable hours by reviewing (1) an attorney's experience, (2) the amount of hours the attorney spent on a task, and (3) the attorney's hourly rate. See Rudler, 2020 WL 473619, at *14. (See, e.g., table indicating the hours and rate awarded to each attorney who worked on the matter). Plaintiff fails to include such a breakdown in the Fee Applications.[5] In light of these two issues and its discretion, the Court applies a 15% across-the-board award reduction in the remaining hours billed.

| | Regarding Contempt Motion | Regarding TRO Motion |
|---|---|---|
| Claimed Fees | $47,047.93 | $6,559.87 |
| Default Judgment Motion-related 50% reduction | <$7,435.03> | <$0.00> |
| First Subtotal | $39,612.90 | $6,559.87 |
| 15% Discretionary "Surplusage" Reduction | <$5,941.94> | <$983.98> |
| Second Subtotal: | $33,670.96 | $5,575.89 |
| GRAND TOTAL of Attorney's Fees Awarded: | **$39,246.85** | |

---

(E.D.N.Y. Jan. 29, 2020) (certain tasks are "more appropriately assigned to a paralegal.").

[5] The Contempt Fee Application includes a chart documenting the aggregate number of hours Gordon Rees incurred each month in connection with the Contempt Motion Litigation. (Siachos Contempt Declaration at 4.) However, because some attorneys billed at different rates, this chart was not helpful to the Court's review.

After applying the 15% across-the-board discount to both claims for fees, the Court awards Plaintiff $33,670.96 pursuant to the Contempt Fee Application and $5,575.89 pursuant to the TRO Fee Application.

B.    Determination of Costs

Plaintiff also seeks reimbursement for $3,930.99 in purported costs associated with the Contempt Motion litigation, most of which are for private investigation services. The Contempt Fee Application does not include any service provider invoices, but instead documents the costs as charges on the Gordon Rees invoice. As multiple courts in this District have held, a party seeking reimbursement for litigation costs cannot satisfy its "burden of adequately documenting and itemizing" costs by merely relying upon its own counsel's billing records. Volpe v. Nassau County, No. 12-CV-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) (quoting First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc., No. 10-CV-0696, 2013 WL 950573, at *10 (E.D.N.Y. Mar. 12, 2013)); see also Doe v. Gonzalez, No. 21-CV-4580, 2024 WL 2795216, at *4 (E.D.N.Y. May 21, 2024) ("Plaintiff has not provided invoices or receipts to substantiate the claimed amounts but relies instead upon [counsel's] billing records . . . . Plaintiff's unsubstantiated costs . . .   must be denied for lack of

19

substantiation."); <u>Yanes v. Juan & Jon Inc.</u>, No. 19-CV-0201, 2024 WL 1639932, at *2 (E.D.N.Y. Apr. 16, 2024) (same). Accordingly, the Court declines to grant reimbursement for these costs.

* * *

To the extent not explicitly addressed herein, the Court has considered Defendants' remaining arguments in the Oppositions and finds them to be without merit.

Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Fee Applications (ECF Nos. 73 and 78) are GRANTED in part, such that the Court awards Plaintiff $33,670.96 pursuant to the Contempt Fee Application and $5,575.89 pursuant to the TRO Fee Application, for a total of $39,246.85.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October 28, 2025
      Central Islip, New York

20